**Everett HADIX, et al., Plaintiffs,**

**v.**

**Perry JOHNSON, et al., Defendants.**

**No. 80–CV–73581.**

United States District Court,
E.D. Michigan, S.D.

June 5, 1992.

See also 740 F.Supp. 433.

Patricia A. Streeter, Michael J. Barnhart, Detroit, Mich., for plaintiffs.

Thomas C. Nelson, Asst. Atty. Gen., Corrections Div., Lansing, Mich., for defendants.

### ORDER OF TRANSFER

FEIKENS, District Judge.

At a hearing held May 1, 1992, I denied, without prejudice, plaintiffs' motion to adopt the mental health orders entered in *USA v. Michigan*, File No. 1:84:CV:63, Honorable Richard A. Enslen, United States District Judge for the Western District of Michigan. I likewise denied, without prejudice, defendants' motion for this court to relinquish control and supervision of the mental health provisions of the *Hadix Consent Decree.*[1] Pursuant to 28 U.S.C. § 1404(a), I now ORDER that the medical and mental health provisions of the *Hadix Consent Decree* (Section II), be TRANSFERRED to Judge Enslen for further proceedings as he deems appropriate.

In 1984 the *Hadix* plaintiffs were granted *amicus curiae* status in the *USA* case, and since that time have monitored compliance with the *Hadix* mental health provisions by their involvement in that case. I find that by tacit understanding the *Hadix* parties did not pursue the mental health provisions of the *Hadix Consent Decree* before this court because those issues were being dealt with by Judge Enslen in the *USA* case. I now find that for the sake of uniformity, and in the hope of attaining finality, Judge Enslen should have jurisdiction over the mental health provisions (Section II.B.) of the *Hadix Consent Decree.* I also find that the medical health provisions (Section II.A.) of the *Hadix Consent Decree* are so intertwined with the mental health provisions that all of Section II should be transferred to Judge Enslen.

Section II of the *Hadix Consent Decree* is entitled "Health Care." Subsection A is entitled "Medical Care," and subsection B is entitled "Mental Health Care." It is important to note that medical care and mental health care both fall under the more general rubric of health care. The two sections are more intertwined than that, however. In the Medical Care subsection, Section II.A.2 provides for the construction of a hospital facility adequate to meet inmates' medical and mental health needs. Section II.A.4.a., which provides for the submission of a plan for access to health care, details that for cases of serious mental illness, the Department of Corrections (Department) will provide immediate access to professional mental health staff. Section II.A.8.b., which provides for the training of Department personnel, requires such training to include recognition of the signs and symptoms of mental illness, mental retardation, and chemical dependency. Section II.A.12.d., discussing quality assurance, provides that mental health audits shall be prepared annually.

In the Mental Health Care subsection, Section II.B.1.c. provides that the subsections on access to health care (II.A.4.), outside alternative care (II.A.5.d.), staffing at the new hospital at SPSM (II.A.5.c.), training (II.A.8.), medication distribution (II.A.10.), records (II.A.11.), and quality assurance (II.A.12.) shall apply to the provision of care for serious mental illness as well.

Furthermore, in defendants' tri-annual compliance report, submitted by Barbara

---

1. Adopted by order of this court dated May 13, 1985.

Hladki, the Consent Decree Coordinator, defendants' reports on medical services compliance, mental health services compliance, and medical provisions as applied to mental health all appear together in one section of the report. *March 11, 1992 triannual compliance report for Hadix v. Johnson.* This further reinforces my conclusion that these two areas are best dealt with together.

ACCORDINGLY, pursuant to 28 U.S.C. § 1404(a), Section II (Health Care) of the *Hadix Consent Decree* is hereby TRANSFERRED to Judge Enslen for further proceedings as he deems appropriate. The related law of the case, including general provisions of the *Hadix* Consent Decree, plans and orders that pertain to jurisdiction, inspection, compliance, monitoring, and enforcement, shall continue to apply to Section II. This action will permit Judge Enslen to conduct combined evidentiary hearings in the *Hadix* and *USA* cases, thereby avoiding duplicative proceedings. This order is also consistent with defendants' motion to transfer for purposes of consolidation, filed in August of 1989. All other provisions of the *Hadix Consent Decree* remain under the jurisdiction of this court.

IT IS SO ORDERED.